FORET, Judge.
Plaintiff, Earl W. Rooks, has brought this suit for a permanent injunction seeking to enjoin the Rapides Parish School Board from dismissing him as principal of A. Wet-termark High School. The defendant, Rap-ides Parish School Board, objected at trial and upon appeal to the use of injunctive procedure in this case. The trial court, ruling on the merits, refused to grant the injunction and plaintiff has appealed.
The plaintiff-appellant, Earl W. Rooks, who was a former principal of a high school operated by the Rapides Parish School Board, was advised on October 22, 1975, that Mr. Allen Nichols, Superintendent, had recommended the principal’s dismissal. The *606 notification advised him of the grounds upon which the dismissal had been recommended and further advised him that a pre-termination hearing would be held in accordance with R.S. 17:443 et seq. The hearing began on November 20, 1975, at which time the principal, Rooks, personally appeared and was represented by counsel. Witnesses were presented to support the charges and Rooks and his counsel both had the opportunity of cross-examining each witness. The principal was given an opportunity to present evidence in his own behalf and to testify in his own behalf. The hearing could not be completed on November 20, but was continued until December 15, 1975 when, after another complete day of hearing, the matter was concluded. After deliberation, the Rapides Parish School Board dismissed the principal.
Mr. Rooks did not elect to take an appeal as provided for in R.S. 17:443, but instead elected to file a suit in the Ninth Judicial District Court in which he sought injunctive relief. He sought to enjoin the enforcement of the dismissal subsequent to the pre-termination hearing and asked for reinstatement as principal of the A. Wetter-mark High School.
After four days of hearing on the preliminary injunction, the Court, for written reasons, denied the preliminary injunction. (Tr. 20-29)
Thereafter, Rooks filed two more supplemental and amending petitions, and after four more days of trial, the trial court rendered judgment refusing to grant an injunction against the School Board’s dismissal. It is this judgment refusing the injunction, that is the subject of this appeal by the plaintiff.
We affirm the judgment of the trial court, but do so on the grounds that plaintiff has no right to an injunction when there is no proof that he has or will suffer “irreparable injury, loss or damage” as required by the provisions in Louisiana Code of Civil Procedure setting forth the remedy of injunctive relief (LSA-C.C.P. Art. 3601, et seq).[1]
Plaintiff’s employment was governed by the Louisiana Teachers’ Tenure Act (La.R. S.17:441 ét seq) which not only conferred upon plaintiff a property right in continued employment, but also set out the procedures which a local school board must comply with in order to dismiss such employee.
The defendant-appellee, Rapides Parish School Board, objected initially and does now to the use of injunctive procedure in a case of this matter. R.S. 17:443 clearly provides that prior to termination or removal, a permanent teacher must be provided with written charges at least fifteen (15) days in advance of a full adversary hearing before the school board; the right to a review of the school board’s decision by a court of competent jurisdiction and if the finding of the school board is reversed by the court, the teacher is ordered reinstated and entitled to full pay for any loss of time or salary. This statute by its unequivocal terms negates the very basis of injunctive relief which is irreparable harm and inadequacy of legal remedies. The statute clear *607 ly states that there shall be reinstatement of position and full back pay in the event of reversal of the school board’s decision. Further, there can be no question that the legal remedies provided by the statute are adequate since the statute provides for a pre-termination adversary hearing, only after fifteen (15) days advance notice with written charges and the right to appeal to a court of competent jurisdiction for a review of the school board’s action and subsequently, a review of the trial court’s decision by an appellate court.
The appellant cites in support of his argument that this is a case involving a right to injunctive relief, the cases of Parker v. Board of Barber Examiners, 84 So.2d 80 (La.App. 1 Cir. 1955); and Bazard v. Louisiana State Livestock Sanitary Board, 135 So.2d 652 (La.App. 1 Cir. 1961). These cases are dealing with entirely different factual situations in that they are dealing with ex parte orders issued by an administrative board without any notification or prior hearing. Here, Rooks was not deprived of his position as a result of an ex parte order of the School Board. Instead, he was advised of pending charges, given a delay in which to prepare a defense or make explanations, participated directly in an adversary hearing by cross-examining witnesses appearing against him and presenting witnesses in his own behalf, being represented by counsel, and having a right to a review of the decision reached after the hearing by a court of competent jurisdiction and reinstatement with full back pay in the event of reversal. Appellant concludes his argument on the right to injunctive relief by stating that since a tenured teacher has a proprietary interest in continued employment, injunctive relief is “the appropriate legal remedy”, otherwise there would be a violation of due process. We agree that a tenured teacher has a proprietary interest in continued employment. This tenure is provided by LSA-R.S. 17:441 et seq. We further agree that the tenured teacher cannot be deprived of this proprietary interest without due process. Having once reached the conclusion that it is a case involving due process, .the determination then must be made as to what process is due. It is the School Board’s position that the statute itself outlines in detail what is due process in removing a tenured teacher because the appellant cannot on one hand claim the benefits under the statute with regard to tenure and yet say that the balance of the statute must be disregarded when it deals with removal. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).
We fully agree with defendant-appellee’s position that injunctive relief, in this case, should have been denied for the reason that plaintiff has not shown that irreparable injury would result in the event that judicial review would result in a reversal of the School Board’s actions in dismissing plaintiff. Plaintiff’s remedy in the event of adverse School Board action, such as in this case, was and is to appeal the decision to the proper district court for judicial review. We understand from the School Board’s brief filed with this Court that the plaintiff has, in fact, timely filed a suit in the Ninth Judicial District Court for a review of the School Board’s actions in his dismissal, and that this appeal has not been tried. The matter is, therefore, still pending before the Ninth Judicial District Court. Clearly then, plaintiff has not shown proper grounds for injunctive relief, and his demands should be relegated to the procedures outlined in LSA-R.S. 17:443, et seq.
Having reached the above conclusion, we need not consider the other issues raised by plaintiff-appellant.
The judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Art. 3601. Injunction, grounds for Issuance; preliminary injunction; temporary restraining order
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
Except as otherwise provided by law, an application for injunctive relief shall be by petition.
Amended by Acts 1969, No. 34, § 2.